EASTERN WINE CORPORATION, Plaintiff, *v.* MONARCH WINE Co., INC., Defendant.

Supreme Court, Special Term, New York County, May 15, 1940.

*Mock & Blum* [*A. Blum* and *J. Stein* of counsel], for the plaintiff.

*Williams, Rich & Morse* [*H. C. Grossman* and *Max L. Schalleck* of counsel], for the defendant.

McGOLDRICK, J. Plaintiff and defendant corporations were competitors in the business of selling wines. It was conceded on the trial that in 1937 neither party had " the exclusive right to ' Five Star ' or the representation of ' Five Star ' as a trademark for wine."

In October, 1937, with the consent and authority of defendant, its attorneys mailed letters, similar in terms, to two customers of plaintiff in which, among other matters, it was stated: " Please take notice that the trade mark ' 5 STAR ' for wine, is the exclusive property of Monarch Wine Company, Incorporated of New York City. This trade mark has been used exclusively by Monarch Wine Company, Incorporated and its predecessors for many years and is duly registered in the U. S. Patent Office and protected by federal trade mark laws. This trade mark is a valuable property right of our client and it is diligent in protecting its exclusive rights therein." (Exhibits A and B attached to the complaint; Plaintiff's Exhibit 1.)

It is admitted " that the defendant had not, at that time, registered its ' Five Star ' trade mark in the United States Patent Office." (Answer, paragraph Fifth.)

After correspondence between counsel for the parties and on December 29, 1937, the attorneys for defendant mailed to such customers a letter reading in part:

" The Monarch Wine Company, Inc. is the owner of record in the U. S. Patent Office of label registration No. 46,043, issued July 23, 1935, which label shows its trade mark ' FIVE STAR ' as a prominent part thereof. * * *

" In our letter of October 27, we said, ' this trade mark has been used exclusively by Monarch Wine Company, Inc. and its predecessors for many years and it is duly registered in the Patent Office and protected by the federal trade mark law.' While the Monarch Wine Company and its predecessors have used this trade mark for many years, the trade mark itself was not registered in the U. S. Patent Office and, therefore, is not protected by the U. S. Trade Mark Act. That portion of the statement in our letter of October 27 was, therefore, incorrect." (Plaintiff's Exhibit 1.)

The lay mind, it seems to me, may not be charged with knowledge of the legal effect of " label registration " as distinct from " trade mark registration," when applied to records in the United States Patent Office. In all fairness, the recantation should have been plain and unequivocal. It is deduced that defendant did communicate false and misleading statements, not made in good faith, to these two customers of plaintiff, a business competitor, for the purpose of deceiving them and of injuring the latter in its business. Plaintiff, however, has failed to establish by evidence of probative force any facts which would justify the award of compensatory or punitive damages. Consequently, nominal damages will be awarded. Judgment is directed for plaintiff in the sum of one

dollar, with taxable costs. Counterclaim is dismissed. Motion to amend complaint made at close of trial is denied. Exception is noted in each instance.

Settle judgment accordingly.